UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY GARNER,

       Petitioner,

vs.                                   CASE NO. 05-71100
                                       HON. LAWRENCE P. ZATKOFF

SHIRLEE HARRY,

       Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       Petitioner, proceeding *pro se*, filed an application for a writ of habeas corpus (Docket #1), as well as a Motion for Evidentiary Hearing (Docket #2) and a Motion for DNA Testing (Docket #3). This matter is currently before the Court on Magistrate Judge Komive's Report and Recommendation regarding the application for writ of habeas corpus (Docket #21), in which the Magistrate Judge recommends that Petitioner's application for the writ of habeas corpus be denied, and a second Report and Recommendation prepared by Magistrate Judge Komives (Docket #24), wherein the Magistrate Judge recommends denying Petitioner's Motions for Evidentiary Hearing and for DNA Testing.

       After a thorough review of the court file, both of the Report and Recommendations, and the objections to the first Report and Recommendation (Docket #21) filed by the Petitioner,[1] this Court will adopt the Report and Recommendations and enter them as the findings and conclusions of this Court. In addition, the Court briefly addresses each of the issues raised by Petitioner in his objections to the first Report and Recommendation (Docket #21), as follows.

       Petitioner first argues that the Magistrate Judge erred in finding that Petitioner made a knowing, voluntary and intelligent decision to waive his right to a jury trial. Like the Magistrate

---

[1] The Court GRANTS Petitioner's request for an enlargement of time to object to the Magistrate Judge's Report and Recommendation regarding the application for habeas corpus (Docket #22). Petitioner has not filed any objections to the second Report and Recommendation.

Judge, however, this Court finds that (a) trial counsel's advice that Plaintiff should waive his right to a jury trial because the jury would be all white has no bearing whatsoever on Plaintiff's ability to make a knowing, voluntary and intelligent decision on whether to waive the right to have 12 people decide his fate (versus the trial judge), and (b) the colloquy between the Petitioner and the trial judge was constitutionally sufficient, particularly as such colloquy followed the submission of a written waiver of jury trial by Petitioner.

Second, Petitioner challenges the Magistrate Judge's recommendation to deny Petitioner's due process claim based on the prosecution's failure to properly test DNA evidence. Petitioner apparently believes that the prosecution has an obligation to discover exculpatory evidence and thus should have conducted DNA testing. As the U.S. Supreme Court has recognized, however, a state has no such obligation. *Arizona v. Youngblood,* 488 U.S. 51, 59 (1988).

Third, Petitioner contests the Magistrate Judge's conclusion that the prosecution presented sufficient evidence of Petititoner's guilt on his first degree criminal sexual conduct and felony-firearm convictions. At trial, the victim testified that Petitioner raped her and that he had a gun in his possession when he entered her home. Although the mere fact that a victim has testified as to such facts does not mandate a conviction of a defendant, Michigan (and Sixth Circuit) law clearly provides that a trier of fact may convict on the testimony of a victim of rape. *See, e.g.,* MCL 750.520h; *People v. Lemmon*, 456 Mich. 625, 542 n.22 (1998); *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000).

Fourth, Petitioner encourages the Court to reject the Magistrates recommendation to deny Petitioner's claim that counsel was ineffective for advising him to waive the right to jury trial because jury would be all white. While the Court cannot begin to know whether and why Petitioner's trial counsel may have encouraged Petitioner to waive his jury trial on the basis of the *possible* racial composition of the jury, the Court also cannot conclude that such advice, if given, demonstrates constitutionally infirm ineffective assistance of counsel.

Fifth, the Petitioner argues that the Magistrate Judge erroneously recommended denying his

claims of ineffective assistance of counsel with respect to failing to seek a continuance to have proper DNA testing performed. As the Magistrate Judge noted, however, such failure likely was a reasonable tactical decision because if such evidence was tested and demonstrated that the semen was Petitioner's, Petitioner's defense would have evaporated. Moreover, trial counsel reasonably could have believed that the lack of physical evidence would create reasonable doubt in the minds of the trier of fact and result in his acquittal.

Finally, Petitioner challenges the Magistrate Judge's conclusion that appellate counsel was not ineffective because Petitioner has not shown that his claims would have succeeded on appeal. In fact, as noted above, Petitioner's claims lack merit.

Therefore, for the reasons stated above, Petitioner's application for a writ of habeas corpus, Motion for an Evidentiary Hearing and Motion for DNA Testing are DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 20, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290